L. LOEWY & SON, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11639.   Promulgated April 16, 1928.

*Arthur B. Hyman, Esq.,* for the petitioner.
*A. H. Murray, Esq.,* and *S. B. Pierson, Esq.,* for the respondent.

598

OPINION.

SMITH: The petitioner contends that the assessment and collection of the deficiency in tax for the fiscal year ended July 31, 1920, is barred by the statute of limitations and relies upon the decision of the court in *Bowers* v. *New York & Albany Lighterage Co.*, 273 U. S. 346; that the consent was only a consent to the assessment of a deficiency and that the petitioner did not waive any right which it might have with respect to the collection of the deficiency.

Under the provisions of the Revenue Acts of 1921 and 1924, the respondent had five years from the date of the filing of the return, viz, October 14, 1920, within which to make an assessment of a deficiency, and where there was a written agreement filed extending the period for the making of the assessment such further period as* was provided by the consent filed. The consent filed March 2, 1925, was a valid consent. The period within which assessment of a deficiency could be made had not expired at the time of the enactment of the Revenue Act of 1924, viz, June 2, 1924. The instant proceeding is, therefore, clearly distinguishable from the case of *Bowers* v. *New York & Albany Lighterage Co.*, *supra*. The assessment of the deficiency was not barred and under the provision of section 278(d) of the Revenue Act of 1924, the Commissioner has six years from the date within which an assessment may be made within which to collect the same.

The petitioner further argues that the assessment of a further deficiency for the fiscal year ended July 31, 1920, is barred by section 1312 of the Revenue Act of 1921, which reads as follows:

That if after a determination and assessment in any case the taxpayer has without protest paid in whole any tax or penalty, or accepted any abatement, credit, or refund based on such determination and assessment, and an agreement is made in writing between the taxpayer and the Commissioner, with the approval of the Secretary, that such determination and assessment shall be final and conclusive, then (except upon a showing of fraud or malfeasance or misrepresentation of fact materially affecting the determination or assessment thus made) (1) the case shall not be reopened or the determination and

assessment modified by any officer, employee, or agent of the United States, and (2) no suit, action, or proceeding to annul, modify, or set aside such determination or assessment shall be entertained by any court of the United States.

The evidence in this case clearly shows that there was no agreement made in writing between the petitioner and the Commissioner with the approval of the Secretary. The evidence does not indicate that the acceptance was made for any purpose other than to assure the Commissioner that the determination made by him was agreeable to the petitioner, and that no protest was to be made thereto which would prevent the respondent from immediately assessing and collecting the amount of the deficiency determined. In *Dallas Brass & Copper Co.*, 3 B. T. A. 856, we said:

It has long been recognized, both by the Commissioner and all of his predecessors, as well as taxpayers generally, that reconsiderations of liability to internal-revenue taxes were both proper and lawful. * * * The principle or rule of law to the effect that reconsiderations and adjustments of tax liability can be properly made seems to have been recognized by Congress * * * [citing sections 1309 and 1312, Revenue Act of 1921].

In *Warner Sugar Refining Co.*, 4 B. T. A. 5, we said:

There is no provision in the various Revenue Acts which provides that the Commissioner may not make more than one assessment in respect of the tax for any year * * *.

In *Masajiro Furuya*, 4 B. T. A. 357, we said:

* * * We know of no statute or decision which in this case in any way limits the right of the Commissioner to reopen it [tax liability] as often as he chooses until such time as the statute of limitations has run against him.

In support of its position that the tax liability of the petitioner was settled in 1922 by its acceptance of the determination of the Commissioner, the petitioner relies upon the *Botany Worsted Mills* v. *United States*, 63 Ct. Cls. 405, in which the court held that where an agreement was entered into between a taxpayer and the Commissioner of Internal Revenue, under which the taxpayer accepted a partial disallowance as to compensation, and also received certain concessions as to other disputed items, the benefit of which it still enjoys, the taxpayer may not recover the tax paid on account of the particular item which it regards as unfavorable to its interests, and at the same time hold to the advantage derived from the settlement of other items in dispute involved in the same general settlement. The facts in that case are, however, totally dissimilar to those which obtain in the present proceeding. In the first place there has been no showing that the petitioner has received any benefits from the settlement reached in 1922 that it was not legally entitled to. Furthermore, if the respondent had received any such benefits it was possible for the petitioner to have raised an issue with

respect to them before this Board. No such issue has been raised in this proceeding. So far as the Board is able to determine from the pleadings and evidence adduced before it, the correct tax liability of the petitioner for the fiscal year ended July 31, 1920, is $1,165.11 in excess of the tax already paid by the petitioner.

*Judgment will be entered for the respondent.*